COMMONWEALTH of Pennsylvania, Appellant,

v.

Cynthia EFAW, Appellee.

Superior Court of Pennsylvania.

Argued April 14, 1999.

Filed June 1, 1999.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for Com., appellant.

Mel D. Kardos, Newtown, for appellee.

Before CAVANAUGH, JOHNSON and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 The Commonwealth appeals from the July 31, 1998 Order of the trial court denying its motion in limine to admit certain evidence compiled by the State Farm Insurance Company pursuant to an arson investigation.

¶ 2 This case arose as the result of a fire that occurred on December 23, 1995 at a home owned by appellee and her husband. The home was rented to appellee's adult daughter. State Farm insured the property under a homeowner's policy with appellee and a separate renter's insurance policy with appellee's daughter. State Farm retained John Christmas and other experts to investigate the fire. The investigators examined the property, took photographs and interviewed appellee. Fire Marshal Edward Copper of Bristol Township also investigated the fire. Christmas' report, and a subsequent report prepared by Copper, concluded the fire was caused by the ignition of combustible materials that were placed on the electric burner of a kitchen stove. Based on this conclusion, State Farm denied claims by appellee and her daughter for payment under their respective insurance policies.[1] On January 2, 1998, Fire Marshal Copper submitted a request for the information compiled by State Farm during its arson investigation. The request was made pursuant to the Arson Reporting Immunity Act (ARIA), 40 P.S. §§ 1610.1–1610.8, which provides in relevant part:

---

1. A civil suit filed by appellee and her daughter is pending in federal court.

### 1610.3. Disclosure of information.

(a) Fire loss information.—Any authorized agency may, in writing, require any insurance company at interest to release to the requesting authorized agency any or all relevant information or evidence deemed important to the authorized agency which the insurance company may have in its possession relating to a fire loss under investigation by the authorized agency. Relevant information may include, without limitation herein:

. . .

(5) material relating to the investigation of the loss, including statements of any person, proof of loss, and any other information relevant to the investigation by the authorized agency.

¶ 3 Pursuant to Copper's request, State Farm provided the Commonwealth with the photographs, statements and other information it compiled during the arson investigation. On August 14, 1996, the Bucks County District County submitted the case to the Bucks County Investigating Grand Jury which then issued a subpoena to State Farm requiring the production of any and all documents relating to the fire investigation. As it had with Fire Marshal Copper's request under the ARIA, State Farm complied with the subpoena.

¶ 4 On February 27, 1997, the Grand Jury issued a presentment charging appellee with arson, reckless endangerment and insurance fraud. The trial court subsequently considered appellee's motions to suppress the information provided by State Farm. Appellee argued the information should be suppressed because it was obtained while State Farm was acting as an agent of the Commonwealth or was engaged in a relationship with Commonwealth investigators that was so close that it effectively served as a Commonwealth agent. The court denied suppression, finding "neither that State Farm acted as an agent for the Commonwealth nor were

they involved in a 'symbiotic' relationship." (Slip op., Weaver, J., 10/13/98, at 10.) Although denying suppression, however, the trial court did indicate that some of the information obtained from State Farm might be excluded on evidentiary grounds at trial. The Commonwealth immediately made an oral motion in limine for the admission of any and all evidence gathered by State Farm during its fire investigation. The trial court denied the Commonwealth's motion and this appeal followed.

¶ 5 The trial court's denial of the Commonwealth's motion in limine was premised on the narrow ground that at no time relevant herein was defendant, her husband, her daughter or her counsel informed that, as early as December 29, 1995, the Commonwealth had invoked the ARIA, compelling State Farm to disclose any information it received or developed, including physical objects pursuant to its private investigation. Without such disclosure to defendant, and without her specific waiver of any rights to confidentiality she may have pursuant to her contractual relationship with State Farm, we could not permit the Commonwealth to circumvent defendant's [constitutional] protections. (Slip op. at 10–11.) Simply put, the trial court ruled the Commonwealth may not utilize in a criminal prosecution information obtained from an insurance company pursuant to the ARIA unless an insured has waived his or her "reasonable expectation of privacy" in the released information. We reverse.

■ ¶ 6 Initially, we note the trial court's ruling regarding waiver imposes a significant requirement on the ARIA that the Act itself does not contain. Under section 1610.3(c), **Notification to policyholder**, an insurance company is required to notify an insured "not sooner than 45 nor more than 60 days from the time the information is furnished." This requirement of notification only *after* the release of information is far different from the trial court's requirement of a "specific

waiver" *before* the information can be used by the Commonwealth. Thus, the trial court's ruling finds no support in the text of the ARIA. It is also highly unlikely the question of waiver was not considered by the legislature when it passed the ARIA, since the purpose of the Act is to provide the Commonwealth with information that might be used in a criminal prosecution.

¶ 7 Moreover, the two cases relied upon by the trial court do not support the conclusion that an insured must waive confidentiality before information obtained under the ARIA can be utilized in a criminal prosecution. In *Commonwealth v. DeJohn*, 486 Pa. 32, 403 A.2d 1283 (1979), the Supreme Court held that a bank customer has a reasonable expectation of privacy in financial records maintained by the bank and records obtained by police from the bank with an invalid subpoena were not admissible in a criminal prosecution. Unlike *DeJohn*, however, the instant case involves information not obtained by an invalid subpoena, but pursuant to the express provisions of the ARIA and a valid grand jury subpoena. Moreover, bank records are compiled in the ordinary course of business and a bank customer generally has no reason to believe such records might become evidence in a criminal prosecution. In the instant case, however, appellee clearly was aware the information was compiled as part of an ongoing arson investigation. Thus, there was no *reasonable* expectation that State Farm's information would remain private, particularly where the ARIA provides for the release of the information to law enforcement agencies.

¶ 8 The second case relied upon by the trial court is *Commonwealth v. Ball*, 523 Pa. 216, 565 A.2d 1143 (1989). Although it is a closer case, we find *Ball* does not support the trial court's denial of the Commonwealth's motion in limine. In *Ball*, the trial court suppressed statements given by appellees, the insured parties in an arson investigation and provided to the Common-wealth under the ARIA. Unlike the instant case, suppression was ordered on the basis that the insurance company's representatives became agents of the state by virtue of their extensive cooperation with the police, and that the representatives coerced the appellees into answering incriminating questions by threatening to deny payment under the subject insurance policy. In reversing the suppression Order, our Supreme Court emphasized that an insurance company attorney warned the appellees he would disclose their testimony to anyone properly presenting him with "documents requesting the exhibits or notes of testimony." *Id.* at 1146. Based on this warning, the Supreme Court concluded the appellees "waived whatever confidentiality they possessed." *Id.* As this statement indicates, the Supreme Court in *Ball* did not hold that an insured has a reasonable expectation of confidentiality in statements and documents submitted to an insurer. Rather, the Court was not required to address the issue of confidentiality because the attorney's warning to the insured parties was a waiver of "whatever confidentiality they possessed." Thus, *Ball* cannot be read as supporting the trial court's conclusion that an insured possesses a reasonable expectation of privacy in information submitted to an insurance company during an arson investigation, and that such expectation must be waived before the information can be utilized by the Commonwealth in a criminal prosecution.

¶ 9 In sum, the ARIA requires notification of the insured only after information has been provided to an authorized law enforcement agency. The statute mandates neither prior notification nor a waiver of confidentiality, and we decline to impose a requirement which does not appear within the express terms of the statute. Even in the absence of the ARIA, it is difficult to imagine an individual would possess a reasonable belief that evidence of arson, obtained by a valid private or state investigation, would not be submitted

to and utilized by law enforcement authorities. The ARIA leaves no doubt such a belief is unreasonable. As a result, we hold that whatever appellee's subjective expectation of privacy might have been, it was not reasonable. Therefore, no constitutional protection attached. *See Commonwealth v. Tann*, 500 Pa. 593, 599, 459 A.2d 322 (1983) ("It is only legitimate expectations of privacy which are protected by the constitution. There must be more than a mere subjective desire for privacy; it must be an expectation which society recognizes as reasonable."). Accordingly, the basis asserted by the trial court may not be relied upon to preclude the Commonwealth from utilizing information obtained from State Farm pursuant to the ARIA. The Order of July 31, 1998, is reversed and the case is remanded for proceedings consistent with this Opinion.

¶ 10 Order reversed; case remanded.